IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LUKE A. HOLLEY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 5:20-cv-00093-RWS-CMC |
| | § | |
| Dr. MARK T. ESPER, in his | § | |
| official capacity as Secretary of Defense | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S ORIGINAL ANSWER AND DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendant, Mark T. Esper, Secretary of Defense (hereinafter "Defendant"), by and

through undersigned counsel, answers Plaintiff's Original Complaint (hereinafter "Complaint")

subject to the following defenses:

1.     Defendant asserts and does not waive the Rule 12(b)(1) defense of lack of

subject-matter jurisdiction.

2.     Defendant asserts and does not waive the Rule 12(b)(6) defense of failure to state

a claim upon which relief may be granted.

**ANSWER**

Defendant answers the allegations contained in Luke A. Holley's ("Plaintiff")

Complaint by reference to paragraph numbers as follows:

1.     Defendant admits that Plaintiff is an individual.  The Defendant does not have

sufficient knowledge or information to affirm Plaintiff's residence.  Defendant admits that

Plaintiff was an employee of the Defense Logistics Agency ("DLA") and that DLA is a federal

agency and component of the Department of Defense ("DOD").  Defendant admits that Plaintiff

worked for DLA at the distribution facility physically located within the Red River Army Depot ("RRAD") in Bowie County, Texas. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 1.

2.      Defendant admits that the proper defendant, in a lawsuit brought under the Rehabilitation Act, is the head of the department, agency, or unit, as appropriate.  Defendant denies that Mark Esper, is the Assistant Secretary of Defense.  Secretary Esper is the Secretary of Defense for the United States of America.  Defendant admits that Secretary Esper may be served with process by delivering a copy of the summons and complaint to the Honorable Paul C. Ney, Jr., General Counsel of the Department of Defense, 3030 Defense Pentagon, Washington, D.C. 20301-3030 and/or mailing a copy of the summons and complaint by certified mail to Dr. Mark T. Esper, Secretary of Defense, 1000 Defense Pentagon, Washington, D.C. 20301-1000.  Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 2.

3.      The third paragraph of the Complaint is a jurisdictional allegation, to which no response is required.  If a response is required, Defendant denies that jurisdiction exists over any claim not properly administratively exhausted.  Except as expressly admitted, Defendant denies the remaining allegations of paragraph 3.

4.      The fourth paragraph of the Complaint is a jurisdictional allegation, to which no response is required.  If a response is required, Defendant admits that Plaintiff worked for DLA at the RRAD in Bowie County, Texas which falls within the Eastern District of Texas.  Except as expressly admitted, Defendant denies the remaining allegations of paragraph 4.

5.      Defendant admits that Plaintiff was employed by DLA in March of 2019, and continuing thereafter.  Paragraph 5 contains conclusions of law to which no response is required. To the extent that the allegations are deemed factual in nature by the Court, Defendant denies

that Plaintiff was subjected to systematic discrimination, harassment, and retaliation because of his alleged disability and because he allegedly engaged in protected activity.  Defendant admits that Plaintiff requested a reasonable accommodation.  Defendant admits that Plaintiff timely initialed informal counseling with the Equal Employment Opportunity ("EEO") counselor at DLA Red River.  Defendant denies that on June 12, 2019, that DLA discriminated against, retaliated or harassed Plaintiff.  Defendant admits that Plaintiff filed a formal complaint of discrimination with the DLA EEO office in New Cumberland, Pennsylvania.  Defendant admits that DLA EEO in New Cumberland, Pennsylvania could not complete its investigation of the formal complaint within the time frame allotted.  Defendant admits Plaintiff had the right to file a civil action in the United States District Court when the formal investigation was not completed within the allotted timeframe.  Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 5.

6.      Defendant admits that as of January 22, 2015, Plaintiff had a service disability rating of 60%.  Any disability rating 30% or more, entitles a veteran to receive a 10 point hiring preference.  This means that 10 points are added to the passing examination score or rating of a veteran who has a compensable service-connected disability.  Plaintiff served in the Coast Guard from November 19, 2002 through April 18, 2007.  Defendant does not have sufficient knowledge or information to affirm Plaintiff's medical history.  Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 6.

7.      Defendant admits that Plaintiff was hired under the Federal Governments Excepted Service hiring authority, specifically the veteran readjustment authority.  Appointments in the Excepted Service are civil service appointments within the Federal Government that do not confer competitive status.  On June 25, 2018, Plaintiff was hired to work as a Distribution

Process Worker WG-6901-05 at DLA's RRAD distribution facility near Texarkana, Texas.
Plaintiff is a 10 point veteran's preference eligible veteran.  Except as expressly admitted,
Defendant denies the remaining allegations of Paragraph 7.

8.      Defendant admits that Plaintiff worked at the DLA Distribution Red River Texas
Distribution Operations Division from June 25, 2018 through October 2018.  As a Distribution
Process Worker WG-6901-05, Plaintiff's duties included operating a fork lift.  Defendant does
not have sufficient knowledge or information to affirm Plaintiff's medical condition or
disabilities associated with the alleged injuries to Plaintiff's back.  Except as expressly admitted,
Defendant denies the remaining allegations of Paragraph 8.

9.      Defendant admits that on December 6, 2018, Plaintiff requested a reasonable
accommodation due to a previous back injury.  Plaintiff stated that he was experiencing pain due
to the amount of time he spent operating a fork lift.  As an accommodation, Plaintiff requested to
be considered for the Disability Program Director or Disability Program Manager Position, or
positions in the maintenance department, wood shop or to work as a mechanic.  Additionally, the
Plaintiff requested to stretch at the gym for one hour mid-day.  Except as expressly admitted,
Defendant denies the remaining allegations of Paragraph 9.

10.      Denied. DLA hired Plaintiff under excepted appointment authority.  Plaintiff has
a service connected disability rating over 30% which entitled him to a 10 points veterans hiring
preference.  Defendant requested Plaintiff provide medical documentation in support of the
reasonable accommodation request.  Except as expressly admitted, Defendant denies the
remaining allegations of Paragraph 10.

11.      Defendant does not have sufficient knowledge or information to affirm that a
Certificate of Medical Examination was requested or the dates of any such request.  Plaintiff

provided documentation from Hope Urgent Care, PLLC dated December 3, 2018, with his request for a reasonable accommodation.  On December 6, 2018, DLA approved an interim accommodation that was in effect for 60 days or the day Plaintiff provided adequate medical documentation.  Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 11.

12.     Defendant does not have sufficient information to affirm that Plaintiff returned completed medical forms to DLA on February 5, 2019.  Defendant does not have sufficient knowledge or information to affirm Plaintiff's medical history or diagnosis.  Defendant admits that Plaintiff was not required to (1) lift heavy items over 20 pounds; (2) operate a fork lift for more than four hours per day; or (3) squat or bend for more than two hours per day.  Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 12.

13.     Denied.

14.     Paragraph 14 contains conclusions of law to which no response is required.  To the extent that the allegations are deemed factual in nature by the Court, Defendant admits that Plaintiff applied for various positions with DLA from January 2019 through April 2019.  Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 14.

15.     Paragraph 15 contains conclusions of law to which no response is required. To the extent the allegations are deemed factual in nature by the Court, Defendant admits that Plaintiff requested a new pair of work boots and that request was denied.  Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 15.

16.     Paragraph 16 contains conclusions of law to which no response is required.  To the extent the allegations are deemed factual in nature by the Court, Defendant denies Plaintiff

was assigned to a position that forced him to violate lifting, squatting, and bending restrictions. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 16.

17.     Defendant admits that at Plaintiff's request he was re-assigned to different positions within the DLA Distribution Facility.  On June 12, 2019, Plaintiff began informal counseling with an EEO Counselor at DLA.  Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 17.

18.     Defendant admits that during a work meeting on or about June 20, 2019 a co-worker questioned management about staffing.  Defendant does not have sufficient knowledge or information to affirm that a co-worker asked, "Why do we always get disabled people over here to help us out?"  We need abled bodied people working here."  Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 18.

19.     Defendant does not have sufficient information or knowledge to affirm that Plaintiff was placed on a special two-week detail.  Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 19.

20.     Paragraph 20 contains conclusions of law to which no response is required.  To the extent the allegations are deemed factual in nature by the Court, Defendant denies confiscating a radio, fan, and ergonomic chair that belonged to the Plaintiff.  Defendant admits that Plaintiff was instructed to complete a reasonable accommodation request for an ergonomic chair.  Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 20.

21.     Denied.

22.     Paragraph 22 contains conclusions of law to which no response is required.  To the extent the allegations are deemed factual in nature by the Court, Defendant admits that

Plaintiff filed a formal complaint of discrimination with the DLA EEO Office in New Cumberland, Pennsylvania.  Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 22.

23.     Denied.

24.     Paragraph 24 re-alleges and incorporates allegations set forth in paragraph 1 through 24 and does not require a response.

25.     Paragraph 25 contains conclusions of law to which no response is required. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 25.

26.     Paragraph 26, contains conclusions of law to which no response is required.  To the extent that the allegations are deemed factual in nature by the court, Defendant admits that Plaintiff has a service connected disability compensation rating from the Department of Veterans Affairs (hereinafter "VA").  DLA hired Plaintiff under the federal governments excepted appointment authority.  The Defendant does not have sufficient knowledge or information to affirm Plaintiff's current or past medical history.  Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 26.

27.     Paragraph 27 contains conclusions of law to which no response is required. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 27.

28.     Paragraph 28 contains conclusions of law to which no response is required. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 28.

29.     Paragraph 29 contains conclusions of law to which no response is required. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 29.

30.     Paragraph 30 re-alleges and incorporates paragraphs 1 through 29. Defendant answered paragraphs 1 through 29 as such no response is required.

31.     Paragraph 31 contains conclusions of law to which no response is required. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 31.

32.     Paragraph 32 contains conclusions of law to which no response is required.  To the extent that the allegations are deemed factual in nature by the court, Defendant admits that Plaintiff has a service connected disability compensation rating from the VA.  DLA hired Plaintiff under the federal governments excepted appointment authority.  The Defendant does not have sufficient knowledge or information to affirm Plaintiff's current or past medical history. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 32.

33.     Paragraph 33 contains conclusions of law to which no response is required. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 33.

34.     Paragraph 34 contains conclusions of law to which no response is required. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 34.

35.     Paragraph 35 contains conclusions of law to which no response is required. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 35.

36.     Paragraph 36 re-alleges and incorporates paragraphs 1 through 35.  Defendant answered paragraphs 1 through 35 as such no response is required.

37.     Paragraph 37 contains conclusions of law to which no response is required.  To the extent that the allegations are deemed factual in nature by the court, Defendant admits that Plaintiff has a service connected disability compensation rating from the VA.  DLA hired Plaintiff under the federal governments excepted appointment authority.  The Defendant does not have sufficient knowledge or information to affirm Plaintiff's current or past medical history. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 37.

38.     Paragraph 38 contains conclusions of law to which no response is required.  To the extent that the allegations are deemed factual in nature by the Court, the Defendant admits that Plaintiff submitted a request for a reasonable accommodation which was granted.  Defendant admits that Plaintiff filed an informal and formal EEO complaint with the DLA and the DLA EEO office in New Cumberland, Pennsylvania respectively.  Expect as expressly admitted, Defendant denies the remaining allegations of Paragraph 38.

39.     Paragraph 39 contains conclusions of law to which no response is required. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 39.

40.     Paragraph 40 contains conclusions of law to which no response is required. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 40.

41.     Paragraph 41 re-alleges and incorporates paragraphs 1 through 40. Defendant answered paragraphs 1 through 40 as such not response is required.

42.     Paragraph 42 contains conclusions of law to which no response is required. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 42.

43.     Denied.

44.     Paragraph 44 contains conclusions of law to which no response is required. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 44.

45.     Paragraph 45 contains conclusions of law to which no response is required. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 45.

46.     Paragraph 46 contains conclusions of law to which no response is required. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 46.

47.     Paragraph 47 contains conclusions of law to which no response is required. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 47.

48.     Paragraph 48 re-alleges and incorporates paragraphs 1 through 47. Defendant answered paragraphs 1 through 47 to which no response is required.

49.     Paragraph 49 contains conclusions of law to which no response is required. Plaintiff is not entitled to compensatory damages. Defendant made good faith efforts to consult with Plaintiff to identify and make reasonable accommodations.[1] Except as expressly admitted, Defendant denies paragraph 49.

50.     Paragraph 50 contains conclusions of law to which no response is required. Except as expressly admitted, Defendant denies paragraph 50.

51.     Paragraph 51 contains conclusions of law to which no response is required. Except as expressly admitted Defendant denies paragraph 51.

## AFFIRMATIVE DEFENSES

1.     Plaintiff has failed to state a claim upon which relief may be granted.

2.     Plaintiff's claims are barred by his failure to prove a prima facie case of discrimination, harassment, retaliation or reprisal.

3.     To the extent that Plaintiff alleges he was not accommodated, Plaintiff failed to participate in the interactive process and therefore failed to mitigate.

4.     The Defendant's actions, if any were taken for non-discriminatory reasons, and those reasons were not pre-textual.

5.     Plaintiff is not entitled to any damages and is otherwise limited by applicable federal statutes in the type and dames he may recover, if any. *See* 42 U.S.C. § 1981 a(b)(3)(D).

---

[1] 42 U.S.C. § 1981(a)(a)(3).

6.      Plaintiff is not entitled to compensatory damages. Defendant made good faith efforts to consult with Plaintiff to identify and make reasonable accommodations. *See* 42 U.S.C. § 1981(a)(a)(3).

7.      Defendant reserves the right to raise additional affirmative or other defenses as appropriate.

**PRAYER**

Defendant, the United States, respectfully requests the Court enter judgment that Plaintiff take nothing, dismiss all of Plaintiff's claims with prejudice, and assess costs against Plaintiff and that the Court grant Defendant such other further relief, both legal and equitable, to which it is entitled.

Respectfully submitted,

STEPHEN J. COX
UNITED STATES ATTORNEY

/s/ *Aimee M. Cooper*
AIMEE M. COOPER
Assistant United States Attorney
Lead Attorney
Texas State Bar No. 24061167
United States Attorney's Office
101 East Park Blvd., Suite 500
Plano, Texas 75074
Telephone: (972) 943-3597
Telefax: (972) 509-1209
aimee.cooper@usdoj.gov

*/s/ Andrea L. Parker*
ANDREA L. PARKER
Assistant United States Attorney
Texas Bar No. 00790851
350 Magnolia Avenue, Suite 150
Beaumont, Texas   77701-2237
Tel:     (409) 839-2538
Fax:     (409) 839-2643
Email:   andrea.parker@usdoj.gov

**ATTORNEYS FOR THE
UNITED STATES OF AMERICA**

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on September 8, 2020, a true copy of the Defendant's Answer and Defenses to the Plaintiff's original Complaint was served on Plaintiff's counsel through use of the Court's electronic-notification system.

<u>*/s/ Aimee M. Cooper*</u>
Aimee M. Cooper