## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TEXARKANA DIVISION

| | | |
|---|---|---|
| **LUKE A HOLLEY** | § | |
| **Plaintiff** | § | |
| | § | |
| **V.** | § | **No.  5:20CV93-CMC** |
| | § | |
| **MARK T. ESPER, in his official capacity** | § | |
| **as the acting SECRETARY OF DEFENSE** | § | |
| **Defendant** | § | |

| | | |
|---|---|---|
| **LUKE A HOLLEY** | § | |
| **Plaintiff** | § | |
| | § | |
| **V.** | § | **No.  5:21CV42-CMC** |
| | § | |
| **LLOYD J. AUSTIN, III, in his official** | § | |
| **capacity as the acting SECRETARY OF** | § | |
| **DEFENSE** | § | |
| **Defendant** | § | |

## CONSOLIDATION ORDER

The above-referenced causes of action were referred to the undersigned United States Magistrate Judge in accordance with 28 U.S.C. § 636(c) and the consent of the parties. As discussed with the parties at the August 4, 2021 telephonic scheduling conference, the Court *sua sponte* orders the above cases be consolidated for pretrial purposes and trial, subject to the Court and the parties' resolution of the issue regarding any caps on damages.

On June 2, 2020, Plaintiff Luke A. Holley ("Plaintiff") filed Cause No. 5:20cv93 against the acting Secretary of Defense, alleging disability discrimination, retaliation, and harassment pursuant to the Rehabilitation Act, 29 U.S.C. §§ 701 *et seq*. On March 26, 2021, Plaintiff filed related Cause No. 5:21cv42 against the new acting Secretary of Defense ("Defendant"). Plaintiff alleges in both lawsuits that the Defense Logistics Agency ("DLA") failed to make a reasonable accommodation

for his disability, discriminated against him because of his disability, and retaliated against him for

seeking a reasonable accommodation and for filing an informal and formal complaint with DLA's

Equal Employment Opportunity ("EEO") Office.[1]

The trial court's managerial power is especially strong in matters of consolidation.  *See In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 549 F.2d 1006, 1013 (5th Cir. 1977).  FED. R. CIV. P. 42(a) provides:

> Consolidation.  When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

This broad grant of authority has been applied liberally.  *In re Air Crash Disaster*, 549 F.2d at 1013.

In the Fifth Circuit, district judges are "urged to make good use of Rule 42 (a) . . . in order to

expedite the trial and eliminate unnecessary repetition and confusion."  *Id.* (citing cases).  The

decision of whether to consolidate rests in the trial court's sound discretion and will not be reversed

absent a clear abuse of that discretion.  *Id.*

Having reviewed the common questions of law and fact presented in the two lawsuits, and

having considered judicial economy and convenience, the Court hereby orders that the civil actions

numbered 5:20cv93 and 5:21cv42 are hereby consolidated into one cause under the number of the

second filed cause, Civil Action No. 5:21cv42. Considering the consolidation of the two cases is for

all purposes (with the possible exception of the aforementioned damages issue to be addressed at a

later date), the Court orders Plaintiff to file one "Consolidated Amended Complaint," within twenty

days from the date of entry of this Order.  This consolidated amended complaint will become the live

---

[1] According to the original complaint in the second lawsuit, the allegations in paragraphs 12-22 of the complaint gave rise to Plaintiff's first lawsuit and also "constitute disability discrimination and retaliation for purposes of this subsequent lawsuit." Cause No. 5:21cv42, Docket Entry # 1 at p. 4, n. 1.

pleading in this consolidated lead case.  Accordingly, it is

**ORDERED** that in Cause No. 5:21cv42, the Clerk of the Court shall file the following pleadings previously filed in 5:20cv93: (1) Defendant's Motion for Summary Judgment (Docket Entry # 32); (2) Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment (Docket Entry # 42); (3) Defendant's Reply in Support of His Motion for Summary Judgment (Docket Entry # 43).[2] It is further

**ORDERED** that Cause No. 5:20cv93 is hereby permanently closed. It is further

**ORDERED** that within twenty days from the date of entry of this Order, Plaintiff shall file in Cause No. 5:21cv42 one consolidated amended complaint, setting forth all of Plaintiff's claims and the proper defendant.

**IT IS SO ORDERED**.

**SIGNED this 5th day of August, 2021.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE

---

[2] Following consolidation, the Court will file a Discovery Order and Docket Control Order to govern consolidated Cause No. 5:21cv42. The Docket Control Order, which will be submitted by the parties, will contain a new trial date and new deadlines for pretrial filings, thus mooting the pretrial filings previously filed in Cause No. 5:20cv93.